# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00233-MR
# [CRIMINAL CASE NO. 1:14-cr-00022-MR-DLH-1]

| | |
|---|---|
| WARREN ROSSLYN NEWELL, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1]. For the reasons that follow, the Court denies and dismisses the Motion to Vacate.

## PROCEDURAL HISTORY

On June 24, 2014, *pro se* Petitioner Warren Rosslyn Newell was found guilty after a jury trial of two counts of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Crim. Case No. 1:14-cr-00022-MR-DLH-1 ("CR"), Doc. 26: Jury Verdict]. In preparation for Petitioner's sentencing hearing, the probation office prepared a presentence investigation report ("PSR"), calculating a total offense level of 34, and a

criminal history category of VI, yielding an advisory sentencing guidelines range of 262 to 327 months of imprisonment. [CR Doc. 47 at ¶ 96: PSR]. The PSR began with a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A) because Petitioner committed the § 922(g)(1) offense after sustaining a felony conviction for a crime of violence. [Id. at ¶ 24]. The PSR further determined that Petitioner was subject to a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B), based on a finding that Petitioner committed the § 922(g)(1) offense in connection with the felony offense of possession with intent to sell and deliver a controlled substance. [Id. at ¶ 25]. The PSR also determined that Petitioner was subject to a minimum statutory sentence of 15 years under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on the following prior convictions: (1) aggravated robbery with a deadly weapon under Texas law; (2) first-degree burglary of a habitation under Texas law; (3) second-degree burglary of a building under Texas law; and (4) felony resisting arrest under North Carolina law. [Id. at ¶ 30].

Petitioner objected to the determination in the PSR that he qualified as an armed career criminal. [CR Doc. 49: PSR]. Petitioner also objected to the finding under U.S.S.G. § 2K2.1(a)(4)(A) that he committed the § 922(g)(1) offense after sustaining a felony conviction for a crime of violence.

2

Finally, Petitioner also objected to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B).

Following Petitioner's objections, the probation officer entered a final PSR on September 4, 2015. [CR Doc. 50]. In the final PSR, the probation officer concluded that Petitioner did not qualify as an armed career criminal under 18 U.S.C. § 924(e), but still recommended a base offense level of 24, based on Petitioner's two prior convictions for crimes of violence as defined under U.S.S.G. § 2K2.1(a)(2). [Id. at ¶¶ 24, 30]. The probation officer further recommended that the Court overrule Petitioner's objection to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). [Id. at 27].

Based on these recommendations, the probation officer calculated a total offense level of 28, which with a criminal history category of VI yielded an advisory sentencing guidelines range of 140 to 175 months of imprisonment. [Id. at ¶ 96: PSR]. Because the statutorily authorized maximum sentence of 120 months was less than the minimum of the applicable guideline range, however, the guideline term of imprisonment became 120 months. See U.S.S.G. § 5G1.1(a).

The parties convened for a sentencing hearing on October 8, 2015, but the Court continued the sentencing hearing pending further briefing from the parties on various issues. In the subsequent briefing, the Government

conceded that the base offense level should be 20 (rather than 24, as stated in the final PSR), because Petitioner had only one conviction that met the definition of a crime of violence, pursuant to U.S.S.G. § 2K2.1(a)(4). [CR Doc. 59]. The Government continued to argue, however, that the Court should apply the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). [Id.].

In a subsequent, revised PSR dated December 2, 2015, the probation officer adopted the Government's recommendations. [CR Doc. 66]. The revised PSR calculated a total offense level of 24 and a criminal history category of VI, yielding an advisory sentencing guidelines range of 100 to 125 months of imprisonment. [Id. at ¶ 96: PSR]. As the maximum penalty for each count was 120 months, the PSR noted that the term imposed in Count Two could be served consecutively to Count 1, in order to produce a sentence within this guidelines range. [Id.].

The Court reconvened the sentencing hearing on March 22, 2016. [CR Doc. 71]. At sentencing, the Court sustained Petitioner's objection to the four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B), thus finding a total offense level of 20, which when combined with a criminal history category of VI yielded a guideline range of 70 to 87 months of imprisonment. [CR Doc. 72: Statement of Reasons]. The Court further granted Petitioner's motion for

a downward variance and sentenced Petitioner below the guideline range to 60 months' imprisonment on each count, to be served concurrently, for a total term of 60 months of imprisonment. [CR Doc. 71: Judgment]. Judgment was entered on March 29, 2016. [Id.]. Petitioner appealed, but he withdrew the appeal on April 29, 2016. [Id., Doc. 79].

Petitioner placed the instant motion to vacate in the prison system for mailing on June 22, 2016, and it was stamp-filed in this Court on July 5, 2016. [Doc. 1]. In the Section 2255 motion to vacate, Petitioner contends that "[m]y status under 18 U.S.C. 18 U.S.C. 922(g)(1) is no longer valid after the Johnson case. My continuance/right to have my civilian clothing [during] and [throughout] the entire trial. The district court erred in forcing me to stand trial at my sentence by compelling me to stand before the jury and as well as the judge." [Doc. 1 at 1].

## STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter

5

can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## DISCUSSION

Petitioner first claims that he is entitled to sentencing relief under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that the provision in the Armed Career Criminal Act ("ACCA") defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. Here, Petitioner was convicted of possession of ammunition by a convicted felon. The PSR shows that Petitioner had more than one qualifying underlying felony to support the § 922(g) conviction. Petitioner has not shown how the ruling in Johnson affects his § 922(g) conviction, which was properly supported by the underlying felonies. Moreover, this Court sustained Petitioner's objections to his designation as an armed career criminal and to a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). In sum, the Supreme Court's ruling in

Johnson is wholly inapplicable to Petitioner's conviction and sentence for possession of ammunition by a convicted felon.[1]

Finally, to the extent that Petitioner purports to complain that he was required to stand trial in his prison clothes, Petitioner is not entitled to § 2255 relief. While Petitioner was sentenced while wearing prison clothing, Petitioner was not required to stand trial in his prison clothes. He wore civilian clothes at his trial. In every criminal trial the undersigned has ever conducted the defendant has worn civilian clothes.

In any event, Petitioner withdrew his direct appeal and therefore did not raise this claim on direct review. A petitioner may not use a § 2255 motion as a substitute for an appeal. See United States v. Frady, 456 U.S. 152, 165-66 (1982); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354 (1994)). A claim regarding a trial or sentencing error that could have been, but was not, raised on direct appeal is barred from review under § 2255, unless the petitioner shows cause for the default and actual prejudice or

---

[1] Additionally, Johnson was decided well before Petitioner was sentenced in this action, and the parties considered and addressed the effect of Johnson in determining whether Petitioner was an armed career criminal and whether he was subject to offense level enhancements under the sentencing guidelines.

demonstrates actual innocence. See Bousley v. United States, 523 U.S. 614, 622 (1998) (citing Frady, 456 U.S. at 167-68)).

Here, Petitioner has failed to show cause and actual prejudice resulting from the errors of which he complains or that he is actually innocent of the crime for which he was convicted. Accordingly, Petitioner's § 2255 claim based on the fact that he was allegedly required to stand trial in his prison clothes is procedurally defaulted and is therefore dismissed.

## CONCLUSION

For the reasons stated herein, the Court denies and dismisses the § 2255 Motion to Vacate.

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability.

See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 24, 2016

Martin Reidinger
United States District Judge

9