# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14 CR 22

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARREN ROSSLYN NEWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter came before the Court for a hearing on March 25, 2019 on the Motion to Withdraw as Attorney of Record (Doc. 97), filed by defense counsel Frank Abrams. Assistant United States Attorney Daniel Bradley appeared for the Government. Mr. Abrams appeared with Defendant. The record of the proceedings and the courtroom were sealed as it appeared there was a possibility that confidential communications between Defendant and Mr. Abrams would be disclosed.

## I.  Procedural Background

A review of the Court's records indicates, in part, as follows:

A two-count Bill of Indictment (Doc. 1) was filed on April 1, 2014, charging Defendant with violations of 18 U.S.C. §922(g)(1).

On June 24, 2014, following a jury trial, Defendant was found guilty of both charges (Doc. 26).

A subsequent Motion for New Trial (Doc. 30) and a Motion for Acquittal (Doc. 32) were denied.

On June 10, 2015, Defendant filed a *pro se* Motion to Appoint New Counsel (Doc.

44), which Motion was granted on June 18, 2015 (Doc. 45).

Defendant filed a subsequent *pro se* Motion to Appoint New Counsel (Doc. 62) on November 12, 2015, which Motion was denied following a hearing held on November 20, 2015 (Doc. 65).

In March 2016, Defendant was sentenced to imprisonment for 60 months on each count, to run concurrently, 3 years' supervised release on each count, to run concurrently, and a $200.00 special assessment. (Doc. 71)

Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 (Doc. 81), which Motion was denied on October 24, 2016 (Doc. 82).

Defendant's term of supervised release commenced on March 30, 2018.

A petition alleging that Defendant had violated the terms and conditions of his supervision was filed in August 2018. (Doc. 83).

During Defendant's initial appearance on September 14, 2018, Defendant moved for the appointment counsel, which request was allowed. Mr. Abrams was appointed on September 17, 2018.

On September 25, 2018, Mr. Abrams filed a "Sealed Motion for Psychological Evaluation" (Doc. 92), which was addressed by Sealed Order dated October 1, 2018 (Doc. 93).

On February 11, 2019, Defendant filed a *pro se* "Motion for Insufficient Counsel" (Doc. 96).

On February 22, 2019, Mr. Abrams filed the instant Motion to Withdraw (Doc. 97).

Defendant's *pro se* motion was denied on February 28, 2019 (Doc. 98).

## II. Discussion and Order

The Court heard argument from Mr. Abrams regarding the basis for the instant Motion. The Court then inquired of and heard from Defendant as to his position regarding continued representation by Mr. Abrams. While Defendant continues to wish to be represented by counsel, in response to an inquiry from the Court as to whether he would like Mr. Abrams' representation to continue, he was unequivocal and stated "absolutely not."

The right to counsel is fundamental but it is not unlimited. United States v. Francois, 715 F.3d 21, 28 (1st Cir. 2013). The Court has discretion to determine whether a motion for new counsel should be granted. Morris v. Slappy, 461 U.S. 1 (1983).

In its review of the Motion to Withdraw, the Court has considered the following factors: 1) the timeliness of the Motion; 2) the reasons Defendant does not wish Mr. Abrams to continue to represent him; and 3) whether the conflict between Defendant and Mr. Abrams is so great that it has resulted in a total lack of communication preventing an adequate defense. See United States v. Gallop, 838 F.2d 105, 108 (4th Cir. 1988).

As noted, Defendant is charged with violating the terms and conditions of supervised release. A final revocation hearing on the pending petition has not yet been scheduled. This factor weighs in favor of granting the Motion.

With respect to the relationship between Defendant and Mr. Abrams, having reviewed the record and having heard from Defendant and Mr. Abrams during the hearing on the Motion to Withdraw, the undersigned must conclude that a total breakdown in communication has occurred and that the prospects for the re-establishment

of a productive attorney-client relationship moving forward appear remote at best.  This conclusion similarly weighs in favor of allowing the Motion.

Accordingly, the Motion to Withdraw as Attorney of Record (Doc. 97) is **GRANTED** and Mr. Abrams is **WITHDRAWN** as counsel for Defendant.  The Federal Defender's Office is **DIRECTED** to assign new counsel for Defendant forthwith.

Signed: March 27, 2019

W. Carleton Metcalf
United States Magistrate Judge